UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIME RODRIGUEZ,<br><br>    Movant,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 14 Civ. 4628 (CSH)<br>94 Cr. 313 (CSH-15) |
| STEVEN CAMACHO,<br><br>    Movant,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 14 Civ. 4846 (CSH)<br>94 Cr. 313 (CSH-14) |

## SUPPLEMENTAL MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

Habeas movants/petitioners Steven Camacho and Jaime Rodriguez have written a joint letter to the Court dated December 21, 2019 ("the December 21 letter") requesting further intervention by the Court. This Supplemental Memorandum and Order responds to that request.

In a Memorandum and Order filed on November 18, 2019 ("the November 18 Order"), familiarity with which is assumed, the Court directed the Clerk to file the present joint application of habeas movants/petitioners Rodriguez and Camacho as a motion under Rule 60(b) of the Federal Rules of Civil Procedure in the consolidated habeas cases bearing docket numbers 1:14-Civ-4628 (CSH) (*Rodriguez*) and 1:14 Civ. 4846 (CSH) (*Camacho*). The gravamen of the most recent

1

submissions by Rodriguez and Camacho, currently incarcerated, is that "they are entitled to habeas relief on the basis of the United States Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019)," which held the firearms statute, at 18 U.S.C. § 924(c)(3)(B), unconstitutional. November Order at 2-3. *Davis* has implications for Rodriguez and Camacho because they received five-year consecutive sentences following their convictions for violating the firearms statute. The November Order appointed the Federal Defenders of New York to represent Rodriguez and Camacho in their continuing efforts to obtain habeas relief. On that assumption, the November 18 Order directed the Federal Defenders to "propose a briefing schedule." *Id.* at 4.

Sarah Baumgartel, Esq., an Assistant Federal Defender, has sent a letter dated December 19, 2019, to the Court which confirms the appointment of the Federal Defenders to represent Rodriguez and Camacho "in connection with potential motions based on the Supreme Court's decision" in the *Davis* case. Ms. Baumgartel says that "I have conferred with the government and the parties have agreed upon a proposed briefing schedule, as follows:

> Defendants' opening brief due January 31, 2020
>
> Government's response due February 28, 2020
>
> Defendants' reply due March 13, 2020."

In the December 21 letter from Camacho and Rodriguez, they strongly object to that schedule. They ask the Court to reject it. Their urgency stems from the fact that, in the perception of Rodriguez and Camacho, the grant of their motion for vacatur of their firearms statute conviction "and its consecutive five year sentence makes us eligible for immediate release due to the fact that we have under four years left to serve." December 21 letter, at 1.

The Court expresses no present opinion as to whether Rodriguez and Camacho are correct

2

in asserting that the *Davis* opinion, when applied to the facts of their cases, entitles them to "immediate release." But Rodriguez and Camacho believe that to be so, and if they are right, then every additional day they spend in prison is wrongful. They can be excused for thinking that their motions should be processed immediately, and protesting that the briefing schedule proposed by the attorneys (Federal Defenders for Petitioners, the United States Attorney for the Government) is too long in time.

Having said that, it is also apparent that the proposed schedule was agreed upon as the result of a conference between two attorneys (Ms. Baumgartel for Petitioner, and an AUSA for the Government) who, given the years elapsed since the trial and appeals, knew nothing about the cases before these assignments and had to learn about them. Presumably they each have other cases for which they are responsible (unlike Rodriguez and Camacho, for whom their cases are the functional equivalent of their lives). I am not persuaded that the schedule proposed by these attorneys should be discarded in its entirety.

The briefing schedule proposed by counsel provides that the Petitioners' motion papers are "due January 31, 2020." In the circumstances, I construe that to mean "*not later* than January 31, 2020." That language, thus construed, does not foreclose an *earlier* filing by counsel on behalf of Petitioners; and, given the apparent exigencies of the Petitioners' situation and the deserved reputation of the Federal Defenders for dedicated representation, if Ms. Baumgartel is professionally able to file her submissions based on the *Davis* opinion before January 31, she should do so.

The United States Attorney's Office for this District will then have to respond to Petitioners' motions. The proposed schedule specifies a filing by Petitioners on January 31, and provides that the Government's response is "due February 28, 2020": again, construed as "*not later* than February

3

28." It does not seem to me that the AUSA in charge of the case can reasonably require an additional 28 days after Petitioner's filing to prepare a response to it. The current phase of this litigation does not involve an appeal posing a number of complex legal or evidentiary issues generated by a lengthy trial record. The issues presently presented are discrete and relatively narrow: (1) Does the Supreme Court's constitutional ruling in *Davis* invalidate the firearms convictions of Rodriguez and Camacho? (2) If that question be answered in the affirmative, are Rodriguez and Camacho entitled as a matter of law to immediate release from incarceration? The AUSA already knows what Petitioners' contentions are going to be, and need not wait to receive their motion papers before beginning responsive legal research, which presumably will lead, *inter alia,* to *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019), where the Second Circuit dealt briskly with the pertinent questions. (*Barrett* vacated firearms convictions because *Davis* precluded them).

The United States Attorney's Office for this District is equally esteemed for its service to the cause of justice. A priority must be given to these Petitioners' present assertions, given the totality of the circumstances. The Court's ORDER is that the Government must file responsive papers as promptly as possible, and in any event not later than twenty-one (21) calendar days after the date of service upon the United States Attorney of Petitioners' intended motion and brief.

As noted *supra*, the Federal Defender should file and serve Petitioners' papers as promptly as reasonably possible, and in any event not later than January 31, 2020.

Petitioners may reply to the Government's responsive papers within ten (10) calendar days of the service of those responsive papers.

The case will then be regarded as fully submitted. If the Court desires oral argument, counsel

will be advised by Chambers.

It is SO ORDERED.

Dated: New Haven, Connecticut
January 9, 2020

/s/ Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge