**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | 94 Cr. 313 (CSH) |
| - against - | ) ) |  |
| JAIME RODRIGUEZ and STEVEN CAMACHO, | ) ) ) | **APRIL 29, 2020** |
| Defendants. | ) ) ) |  |

**HAIGHT, Senior District Judge:**

In an Opinion and Order dated April 15, 2020 ("the April 15 Order"), the Court vacated the convictions and sentences of Defendants Jaime Rodriguez and Steven Camacho under the firearms statute, 18 U.S.C. § 924(c). The Office of the United States Attorney ( counsel for the Government) and the Federal Defenders of New York (counsel for Defendants) were instructed to make written submissions with respect to the re-sentencing of the Defendants, attendant upon the April 15 Order. The re-sentencings will occur in the context of Defendants' convictions on substantive counts in the indictment unaffected by the April 15 Order's invalidation of the § 924(c) convictions.

Those submissions have now been made. The letter brief for the Government [Doc. 873] contends at page 1 that upon re-sentencing, "the Court should impose the same aggregate sentence of 30 years' imprisonment that Defendants are currently serving." The letter brief for Defendant Rodriguez [Doc. 874] contends at page 6 that he should be re-sentenced "to time served." The letter brief for Defendant Camacho [Doc. 875] contends at page 5 that he should be re-sentenced "to time served."

The Court has also received Supplemental Presentence Reports ("SPSRs"), one for each Defendant, from the Probation Office. The SPSR for Rodriguez states that his projected release

1

date is September 13, 2023. Camacho's projected release date is said by his SPSR to be April 15, 2026. Each SPSR recites the decisions vacating the firearms statute convictions, and then says: "Resentencing called for in light of this decision requires an updated guidelines calculation to factor in the firearm conduct which had previously been accounted for by the now-vacated 18 U.S.C. § 924(c) count."

It would not appear from these projected release dates that at the time of their present joint motion, both Rodriguez and Camacho had begun serving the five-year sentence under § 924(c) which the statute provides runs *consecutively* to the sentences imposed under the other counts of conviction. Rodriguez may have done so. Camacho may not. In any event, the differences in the results of resentencing contended for by the parties are stark. The Government says that Defendants should continue to serve recalculated 30-year sentences, presumably until the release dates projected in the SPSRs. Defendants say they should be resentenced to time served, and released.

As the letter briefs from counsel recite, there must be resentencing hearings in the case, a separate hearing for each Defendant. Rodriguez and Camacho each indicate through counsel a wish to participate. Given the restrictions imposed by the current pandemic, the Defendants state through counsel their willingness to participate from prison in a telephoned hearing. The Government's letter brief at 1-2 agrees with that procedure in principle, if the Defendants consent to it in practice. The Defendants express those consents in the letters of their counsel.

A resentencing hearing by telephone conference call is the sensible procedure to follow in the present circumstances. The Court will hold a separate hearing for each Defendant. The attorneys will be heard in support of their contentions. Each Defendant may address the Court. A stenographic reporter should be present by telephone to record the proceedings. The Court will consider everything submitted by the parties, in writing or orally at the hearings.

I will give first priority to this case, and make myself available for the hearings when these arrangements have been made. Rather than undertaking at this time to decree a date and hour for ach hearing, I will in the first instance leave the necessary arrangements to counsel. To that end, the attorneys on both sides, who have conducted this important case with admirable professionalism, are directed to confer and cooperate in good faith, and eventually advise the Court of a proposed date and hour for each of the two hearings. I will preside by telephoning in to the arranged telephone conference. As they make these arrangements, counsel may be assured that I will accommodate the Court's schedule to whatever they propose.

Given the circumstances of the case, counsel should expedite these efforts. It should be possible to hold the two hearings before May 15, 2020. If hearings have not been accomplished or scheduled by that date, the Court will set the dates for hearings by subsequent order.

It is SO ORDERED.

Dated: New Haven, Connecticut
       April 29, 2020

                                s / _____
                                    CHARLES S. HAIGHT, JR.
                                    Senior United States District Judge