**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA

        - against -

JAIME RODRIGUEZ,

        Defendant.

_____

94 Cr. 313 (CSH)

**MAY 18, 2020**

## RULING ON RESENTENCING

**HAIGHT, Senior District Judge:**

This Ruling implements the resentencing of Defendant Jaime Rodriguez.  The occasion for resentencing is derived from the Court's opinion, reported at 2020 WL 1878112 (S.D.N.Y. April 15, 2020) (the "April 15 Opinion"), which vacated Rodriguez's conviction and sentence under the firearms statute, 18 U.S.C. §924(c).  The facts and circumstances of the case are fully set forth in that opinion, familiarity with which is assumed, and are reiterated herein only to the extent necessary to explicate the revised sentence the Court now imposes.

I

The firearms conviction this Court vacated was based upon the fifth count of a five-count superseding indictment.  Rodriguez was also convicted, following jury trial, on the other four counts, which charged Rodriguez and a co-defendant, Steven Camacho, with conspiracy to murder, murder, and attempted murder, based upon the shootings of three individuals on January 2, 1993.  Those four counts alleged the predicate acts for the firearms charge contained in the fifth count.

The Court's original sentence on Rodriguez was imposed in June 2000.  He was resentenced

1

in June 2009, the case having been remanded for that purpose as the result of the Supreme Court's decision in *Booker*. 543 U.S. 220 (2005).  In 2009 the Court resentenced Rodriguez to 25 years' imprisonment on Counts 2 and 3, to run concurrently with each other and with 10 years' imprisonment on Counts 1 and 4, followed by a consecutive 5 years on Count 5.  Count 5 was the firearms charge, and the 5-year consecutive term was mandated by the firearms statute.  Accordingly, the aggregate sentence passed upon Rodriguez was 30 years.

Rodriguez is presently serving his sentence.  His direct appeals were rejected by the Second Circuit (save for the *Booker* resentencing).  Thereafter, this Court's denial of habeas relief was affirmed by the Second Circuit.

The present resentencing was generated by the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that part of the firearms statute was unconstitutional. Based upon *Davis*, Rodriguez moved under 28 U.S.C. § 2255 to vacate his firearms conviction and sentence.  The government argued in opposition that the holding in *Davis* did not apply to the facts and circumstances of the case at bar.  The Court's April 15 Opinion rejected that  argument and vacated Rodriguez's firearms conviction and sentence.  In consequence, Rodriguez must now be resentenced on the remaining four counts of the indictment.[1]

II

The Court held a resentencing hearing on May 7, 2020.  Owing to the viral pandemic afflicting the nation, which restricted travel arrangements for prisoners, the hearing took the form of a telephone

---

[1]  28 U.S.C. § 2255(b) provides that if the district court finds that "the sentence imposed was not authorized by law, . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  In the case at bar, Rodriguez and the government agree that resentencing is the appropriate next step.

conference call, with Rodriguez participating by telephone from his place of incarceration, and counsel for Rodriguez, counsel for the government, and the Court participating by telephone from other locations. Rodriguez consented to that procedure, manifesting that consent in a pre-hearing letter from his attorney and personally reiterating it in response to the Court's question at the hearing. The SDNY court reporter was engaged, telephoned in to the conference, and produced a transcript of the hearing.

Sarah Baumgartel, Esq., of the Federal Defenders of New York, represents Rodriguez. AUSA Katherine C. Reilly represents the government. These attorneys filed carefully researched and well written letter briefs in advance of the hearing, and made skillful oral arguments at the hearing. There is a striking difference between the parties' contentions of what sentence the Court should impose on resentencing. The government says "the Court should impose the same aggregate sentence of 30 years' imprisonment" that Rodriguez "is currently serving," Letter Brief [Doc. 873] at 1, which would result in Rodriguez's continued incarceration for a number of years. Rodriguez says he should be sentenced "to time served," Letter Brief [Doc. 874] at 6, which would result in his release at this time.

III

The Court's responsibility on this resentencing is to view the case in its present circumstances, and impose a sentence which complies with 18 U.S.C. § 3553(a), which lists "Factors to be considered in imposing a sentence."

§ 3553(a) provides: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Subsection 3553(a) commands that "The court, in determining the particular sentence to be imposed, shall

3

consider – . . . (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . " In addition to these subparagraph (2) sentencing purposes, § 3553(a)(1) commands the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

The circumstances of the case at bar include Rodriguez's age of 50. Ms. Baumgartel said at oral argument that Rodriguez, in serving the sentence in this case, is "now just about two months shy of 27 years" incarceration. Tr. 14-15 (citation is to the hearing transcript).

The present submissions on his behalf stress Rodriguez's good behavior, educational and vocational accomplishments, and rehabilitation during incarceration. These factors are pertinent to the present resentencing. In *Pepper v. United States*, 562 U.S. 476, 490 (2011), the Supreme Court held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." Indeed, Justice Sotomayor's opinion in *Pepper* states that a district court on resentencing *must* consider a defendant's post-sentencing good conduct:

> There is no question that this evidence of Pepper's conduct since his initial sentencing constitutes a critical part of the "history and characteristics of a defendant that Congress intended sentencing courts to consider. § 3553(a). . . . [E]vidence of Pepper's postsentencing rehabilitation bears directly on the District Court's overarching duty to "impose a sentence sufficient, but not greater than necessary," to serve the purposes of sentencing. § 3553(a).

*Id*. at 492-493.

During oral argument, AUSA Reilly accepted the proposition that "the Court should consider the defendant's intervening conduct while in custody," Tr. 10, while expressing the government's overall contention in this manner:

> I don't mean to suggest that the Court shouldn't consider the good conduct, but I think the government's view in this case is that the seriousness of the offense and the fact of the concurrent nature of this sentence and a sentence imposed for other very serious conduct outweighs the notion that intervening good conduct while in the custody of the Bureau of Prisons might lead to a reduced sentence.

Tr. 8-9.  AUSA Reilly made the further point that in 2009, when the Court resentenced Rodriguez following *Booker*, "the Court imposed a downward variance from the Guidelines, and the government opposed that at the time," so that "even the imposition of the sentence as it was imposed in 2009, which is what we're advocating for today, would reflect a downward variance."  Tr. at 10.

These statements by the government attorney require some further exposition in two respects. First: The  "concurrent nature" of the sentence imposed on Rodriguez in this case in 2009 with "a sentence imposed for other very serious conduct" is a reference to the fact that prior to Rodriguez's original sentencing in this case, he had also been convicted in this Court on unrelated narcotics charges and sentenced to a 25-year term by Judge Keenan.  The sentence I imposed on Rodriguez in this case provided that time served by Rodriguez under Judge Keenan's sentence would count concurrently with time served under the sentence in this case.  Second: The sentence I imposed on Rodriguez in 2009 constituted a downward variance from the Sentencing Guidelines because the guideline range for imprisonment calculated by the Probation Department was life (based on a total offense level of 45 and a Criminal History Category of IV).  That is the same range stated in the

Supplemental Presentence Report prepared for this resentencing.

With respect to the effect in this case of the sentence imposed by Judge Keenan in the unrelated case, the government's letter brief on the present resentencing [Doc. 873] at 6 says that "In the course of the 2009 resentencing" in this case, this Court considered "the interplay between the sentences imposed by Judge Keenan and the sentences to be imposed by this Court, including what portion of the sentences should run concurrently versus consecutively."   "Ultimately," the government's brief continues:

> the bulk of the sentence imposed by the Court – 25 years  – was to run concurrently with the sentence imposed by Judge Keenan.  The Court did, however, impose five years' imprisonment on the § 924(c) counts to run consecutively to the sentences imposed by Judge Keenan.  In imposing sentence, the Court explained that "there must be a sentence which will reflect the seriousness of the crime for which these defendants were convicted in a way that visits upon them some of the consequences of their acts in this case as opposed to the quite different crimes which brought them before Judge Keenan. . . . Should the Court now, having vacated Defendants' § 924(c) convictions, impose the same sentence on the other counts of conviction as that imposed in 2009, the effect would be precisely what the Court sought to avoid at that time  – a failure to impose separate consequences for Defendants' conduct in this case, as opposed to their conduct in the case before Judge Keenan.

*Id*.

This argument appears to reveal the government's perception that Rodriguez's service of this Court's 25-year sentence in this case would not extend beyond the 25-year term imposed by Judge Keenan in the earlier unrelated case.  On that perception, the five years' consecutive firearms sentence was necessary to visit upon Rodriguez *any* consequences of his conduct in this case, as opposed to the unrelated conduct for which Judge Keenan sentenced him.  That perception leads the government to conclude that removing that firearms sentence by vacatur results in "a failure to

impose separate consequences for Defendants' conduct in this case, as opposed to their conduct before Judge Keenan."

I cannot accept that argument.  It is based on a misperception.  The 25-year sentence this Court imposed on Rodriguez in 2009 was made to run *concurrently* with Judge Keenan's 25-year sentence, but the sentences were not *co-terminous*.  I directed that the two sentences run concurrently to ensure that Rodriguez did not have to serve the full sentence imposed by Judge Keenan before beginning to serve his sentence in this case.  The day came when Rodriguez completed his service of Judge Keenan's 25-year sentence.  From that day forward, Rodriguez continued to serve this Court's 25-year sentence, which from that point operated to impose non-concurrent, which is to say *separate*, consequences upon Rodriguez for his conduct in this case.

On this point, the government does not quarrel with Ms. Baumgartel's analysis in the Letter Brief for Rodriguez [Doc. 874] at 5:

> [T]o the extent that the Court intended for Mr. Rodriguez to serve additional time for these offenses above and beyond what he served for the other federal case, that has already happened.  He was sentenced to 25 years on his case before Judge Keenan, with that sentence beginning when he was arrested and detained in 1993.  With "good time" credit, that sentence should have totaled just over 21 years and been completed in 2014 or 2015.  It is now 2020 and Mr. Rodriguez has served over 26 years.  In other words, he has already served approximately five years above and beyond the sentence imposed by Judge Keenan, because the Bureau of Prisons did permit his two federal to run fully concurrently.[2]

Whatever the calculation may be with respect to this Court's 25-year sentence, the

---

[2]   Counsel's choice of words in the last quoted sentence is strange.  The Bureau of Prisons did not "permit" Rodriguez's two federal sentences to run "fully concurrently"; they ran concurrently because this Court said they would.

government is explicit in its concession that as of the present date, Rodriguez has begun to serve the five-year consecutive firearms sentence.  At oral argument, AUSA Reilly responded to the Court's question whether "the time contemplated by Keenan's sentence concurrent with this one, has run out" by saying: "I think it is the case that the Keenan sentence has been completed,"  and added that the Bureau of Prison's calculation of a release date for Rodriguez in September of 2023 "suggests to me that at least approximately two years of the sentence he has served this far are accountable to the five-year consecutive portion of the sentence  imposed in 2009."  Tr. 12.

It follows from all this that as of the present day, having served over 26 years on the 30-year aggregate resentence imposed in 2009, Rodriguez is now confined under the five-year firearms component of that sentence, whose constitutional validity cannot be demonstrated in the wake of the *Davis* decision.

The firearms statute and its five-year mandated consecutive sentence have now been invalidated for purposes of this case.  The government seeks to preserve the 30-year aggregate sentence by recalculating the sentences on the other counts charging the predicate acts.  I am asked to raise the aggregate sentence on *those* counts from the 25 years imposed in 2009 to 30 years.  That request is permissible because  the Guidelines range remains a lifetime term.  However, I decline to do so, because that resolution would run counter to the sentencing factors § 3553(a) requires district judges to consider.

Congress begins that section with a mandate:  "The court shall impose a sentence sufficient, but not greater than, necessary, to comply" with specific sentencing purposes listed elsewhere in the section.  In *Pepper* the Supreme Court characterized this provision as creating a district court's "*overarching duty* to 'impose a sentence sufficient, but not greater than necessary,' to serve the

purposes of sentencing," 562 U.S. at 493 (emphasis added).

The first two factors articulated by the statute are found in the command: "The court, in determining the particular sentence to be imposed, shall consider  – (1) the nature and circumstances of the offense and *the history and characteristics of the defendant*." § 3553(a)(1) (emphasis added). The significance of a defendant's conduct during the time between his initial sentencing and a resentencing is derived from the second of these factors.  In *Pepper,* the defendant had become drug free during his initial incarceration, and during a period of freedom before his resentencing (as the result of an Eighth Circuit decision) he had attended college, become employed, and entered into a stable marriage.  Those circumstances prompted Justice Sotomayor to say that at the time of resentencing  "Pepper's conduct since his initial sentencing constitutes a critical part of the 'history and characteristics' of a defendant that Congress intended sentencing courts to consider." (citing § 3553(a)).  562 U.S. at 492.

This holding resonates in the case at bar.  The brief for Rodriguez describes his exemplary conduct during a lengthy period of incarceration.  Rodriguez has obtained his GED, participated in educational classes, acquired and exercised several work skills, maintained a relationship with a woman he married and their children, and supported and advised several siblings (as best he could while incarcerated) who became respectively an army officer, a police sergeant, and a teacher. Rodriguez has not had a disciplinary infraction in prison since 1994.

At oral argument, AUSA Reilly expressed the government's view that the sentence the Court imposed in 2009 "was appropriate to the very serious nature of the conduct here.  And that doesn't take away from what is unquestionably Mr. Rodriguez's good conduct while in he custody of the Bureau of Prisons."  Tr. 6.  Rodriguez's brief acknowledges that at the time of his resentencing in

2009, his good conduct was made known to the Court and played a part when the Court "exercised its discretion to sentence Mr. Rodriguez below his Guidelines range." Letter Brief at 3. The government's argument seems to be that whatever favorable consideration the Court gave Rodriguez for good conduct and rehabilitation in imposing the 2009 resentence is sufficient for that purpose today, in the fashioning of the 2020 resentence. That contention is unappealing, in the face of an *additional 11 years* of praiseworthy conduct by Rodriguez while incarcerated. I must apply the § 3553(a) factors to the defendant who comes before the Court today, and consideration of those additional 11 years is mandated by *Pepper*. While I accept that the 25-year sentence I imposed on the predicate counts in 2009 might have been longer if Rodriguez had not been able to demonstrate good conduct up to that time, the additional 11 years of rehabilitory conduct necessarily enhances that factor. I must apply the § 3553(a) factors and sentencing purposes to the defendant as he comes before the Court today.

That enhanced element of Rodriguez's laudable conduct while incarcerated militates against the government, which, having lost the benefit (so to speak) of the consecutive five-year firearms term, seeks to restore the pre-*Davis* aggregate sentence of 30 years by asking the Court to resentence Rodriguez *upwards* from 25 to 30 years on the predicate counts. I decline to do that because it would not comply with the sentencing factors and purposes that § 3553 commands me to consider. While "the nature and circumstances" of the underlying offenses are dreadful and serious, that being the first sentencing consideration mandated by § 3553(a)(1), the second consideration, following immediately thereafter in the statute, is "the history and characteristics of the defendant," and on that score, I am instructed by *Pepper* that Rodriguez's exemplary conduct over a long period of incarceration before this resentencing weigh in his favor as I appraise him today.

10

Rodriguez's current history and position also impact upon the sentencing purposes listed in § 3553(a)(2), which commands the sentencing judge to consider "the need for the sentence imposed" to achieve delineated purposes, as follows:

\* **"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."**  Rodriguez's incarceration of almost 27 years is *sufficient* to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  I emphasize the adjective because § 3553(a) requires the court's sentence to be "sufficient, but not greater than necessary" to achieve the sentencing purposes.  Presumably a sentence *longer* than *necessary* would be regarded as unjust.

To conclude, as I do, that Rodriguez's 27-year imprisonment is sufficient and just, does not denigrate the seriousness of the offenses, where three individuals were shot, killing two.  However, it is pertinent that Rodriguez and his co-defendant, Steven Camacho, in their early 20's at the time, did not initiate the incident.  According to the government's proof at trial, the principal victim, Hector Ocasio, was targeted by senior members of the C & C gang, who were aggrieved by the amounts of payments Ocasio distributed for gang activities; *see* the Supplemental Presentence Report at ¶¶ 33-34.  Rodriguez and Camacho agreed to participate in the attack, Rodriguez in a getaway car and Camacho as a shooter (together Trumont Williams, a senior gang member).  Rodriguez and Camacho hoped by that participation to get on the C & C payroll.  While of course these circumstances do not excuse the conduct of Rodriguez or Camacho, Rodriguez's 27 years' imprisonment sufficiently reflects the seriousness of his offense.

\* **"(B) to afford adequate deterrence to criminal conduct."**  I regard a 27-year term of incarceration as an adequate to deter Rodriguez or others from such conduct.

\*   **"(C) to protect the public from further crimes of the defendant."**  Rodriguez, who committed these offenses when he was a 22-year-old seeking to ingratiate himself with a violent criminal gang,  is now age 50, hoping to be free to live with his family.  I conclude that the public does not require the further incarceration of Rodriguez as protection against further crimes by him.

IV

For the foregoing reasons, I hold that the application to Rodriguez's case of the § 3553 factors and sentencing purposes, together and in combination, results in the conclusion that a sentence of Time Served is the just sentence to impose upon Rodriguez on the occasion of this resentencing.

That conclusion does no violence to the Court's 2009 resentence, to the extent that the 2009 resentence should be read as requiring that Rodriguez serve some time in addition to the sentence imposed by Judge Keenan in the unrelated case.  Rodriguez is presently, and has been,  serving time beyond time imposed by Judge Keenan.   Indeed, Rodriguez is currently serving time on his conviction under Count Five of the indictment, the § 924(c) firearms charge and sentence,  which this Court vacated in the April 15 Opinion.  That reasoning of that Opinion also requires vacatur of Count One of the indictment.

In consequence, the Court makes this Order:

1.  The sentence imposed upon Defendant Jaime Rodriguez as the result of his resentencing on this indictment by this Court in 2009 is VACATED in its entirety.

2.    On Counts Two, Three and Four of the indictment, Defendant Jaime Rodriguez is resentenced to TIME SERVED.

3.  The execution of this Order and Resentence is STAYED until June 1, 2020, so that the

12

government, if so advised, may file an expedited appeal.  In such event, any further stay must be

granted by the Court of Appeals.

Dated:   New Haven, Connecticut
             May 18, 2020


                                                            */s/Charles S. Haight, Jr.*
                                                            CHARLES S. HAIGHT, JR.
                                                            Senior United States District Judge